UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEBORAH ANN WILLIAMS, f/n/a CHALEDEEANNKA GOYENS,<br><br>Petitioner,<br><br>v.<br><br>ELIJAH, DEPARTMENT OF VA, *et al.*,<br><br>Respondents. | Case No. 3:25-cv-00462-ART-CSD<br><br>DISMISSAL ORDER |

*Pro se* Petitioner Deborah Williams filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 2-1 ("Petition").) This Court instructed Williams to file an *in forma pauperis* ("IFP") application or pay the $5 filing fee. (ECF No. 5.) Williams complied, filing an IFP application. (ECF No. 7.) Williams also filed a motion for hearing, a motion for *pro se* litigant to file electronically, and a "Seven-Day No Cause Notice to Quit." (ECF Nos. 6, 8, 9.) Following a review of the Petition under the Rules Governing Section 2254 Cases, the Court dismisses the Petition without prejudice.

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Williams's Petition is nearly inscrutable and includes various miscellaneous documents, including medical records, bank statements, filings from court proceedings in California, hotel invoices, Social Security Administration records, Department of Veterans Affairs paperwork, and emails.

1

As best as this Court can tell, Williams is not in Nevada state custody. Indeed, Williams's Petition indicates that Williams is currently housed in a San Jose jail and is challenging a judgment of conviction from Palo Alto, California. (*See* ECF No. 2-1 at 1.) The only Nevada legal proceeding Williams discusses in her Petition is an eviction by the Sparks Justice Court. (*Id.* at 2.)

This Court may grant a writ of habeas corpus to a person in state custody only if the person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(3); 28 U.S.C. § 2254(a). Because (1) Williams does not appear to be in Nevada state custody, meaning the Court lacks jurisdiction over Williams and her custodian, and (2) it plainly appears that the Petition does not set forth any potentially meritorious claim that she is entitled to relief under 28 U.S.C. § 2254, the Court dismisses the Petition without prejudice.

It is therefore ordered that the motion for leave to proceed IFP [ECF No. 7] is granted.

It is further ordered that the Petition [ECF No. 2-1] is dismissed without prejudice. A certificate of appealability is denied as jurists of reasons would not debate the Court's dismissal of the Petition.

It is further ordered that the motion for hearing and motion for *pro se* litigant to file electronically [ECF Nos. 6, 8] are denied as moot.

It is further kindly ordered that the Clerk of Court (1) file the Petition (ECF No. 2-1), (2) add Nevada Attorney General Aaron D. Ford as counsel for Respondents,[1] (3) provide the Nevada Attorney General with copies of the Petition (ECF No. 2-1), this Order, and all other filings in this matter by regenerating the notices of electronic filing, (4) enter judgment, and (5) close this case.

//

---

[1] No response is required from Respondents other than to respond to any Orders of a reviewing court.

2

DATED THIS 5th day of September 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE